UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES LAWSON,

    Plaintiff,

                                     CASE NO: 5:19-CV-905

vs.

TEJAS RODEO COMPANY
    Defendant.
_____/

# COMPLAINT

Plaintiff, James Lawson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues TEJAS RODEO COMPANY for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Western District of Texas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

Western District of Texas.

3. Plaintiff, James Lawson (hereinafter referred to as "Lawson"), is a resident of the State of Texas and is a qualified individual with a disability under the ADA. Lawson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he has multiple sclerosis and requires the use of a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Lawson visited the Defendant's premises at issue in this matter in June, 2019, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Lawson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, TEJAS RODEO COMPANY, is a company registered to do business and, in fact, conducting business in the State of Texas. Upon information and belief, TEJAS RODEO COMPANY(hereinafter referred to as "TRC") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Tejas Steakhouse & Saloon and the adjacent Rodeo, located at 401 Obst Rd., in Bulverde, Texas (hereinafter

referred to as the "Restaurant" and/or "Rodeo").

5. All events giving rise to this lawsuit occurred in the Western District of Texas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, TRC is a place of public accommodation in that it is a Restaurant operated by a private entity that provides goods and services to the public.

8. TRC has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. Lawson has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant. Prior to the filing of this lawsuit, Lawson visited the Restaurant at issue in this lawsuit and was denied

access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact, as a result of the barriers to access listed in Paragraph 11, below that he personally encountered. In addition, Lawson continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Lawson has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. TRC is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**Restaurant**

    i. There is an insufficient number of accessible and van accessible parking spaces for the restaurant;

    ii. The accessible parking spaces provided for the restaurant do not

        have striping, such that no adjacent access aisles are provided for a wheelchair user, the accessible signage is mounted too low and the cross slopes are too great for a wheelchair user;

iii.    There is no accessible seating at the restaurant bar for a wheelchair user;

iv.    There is no accessible table in the restaurant dining area for a wheelchair user;

v.    There is no accessible signage on the Men's and Women's restroom entry doors in the restaurant;

**Rodeo**

vi.    All of the parking for the rodeo venue is on grassed or gravel surfaces. There are no accessible parking spaces provided and the parking lot is neither firm nor slip resistant;

vii.    The route from the venue parking to the main entry of the rodeo venue is by gravel surfaces and not wheelchair accessible. The running slope of the path from the parking area to the main entry is too steep for a wheelchair user and the route is neither firm not slip resistant;

    viii.    None of the outdoor picnic tables or other types of outdoor dining tables have adequate knee and toe clearances for a wheelchair user;

    ix.    There are an insufficient number of accessible seating positions in the four grandstand sections;

    x.    The accessible seating positions provided are not dispersed;

    xi.    The ramp leading to the right side grandstands has handrails that are too large and lack accessible gripping surfaces;

    xii.    The left side grandstands are accessed by stairs only;

    xiii.    The sales counter at the "Barbeque and Burgers" is too high for a wheelchair user;

    xiv.    The sales counter at the concessions area behind the main grandstand is too high for a wheelchair user;

    xv.    None of the restrooms in the rodeo venue have accessible signage.

12.    There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by TRC that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still

exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §§36.304 and 36.401, TRC required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, TRC has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by TRC pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against TRC and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the

ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 29th day of July, 2019.

Respectfully submitted,

By:  /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Facsimile:  (205) 822-2702
Email:   edwardzwilling@zwillinglaw.com